Peter Tessler and Hester Tessler v. Commissioner.
Tessler v. Commissioner
Docket No. 84198.
United States Tax Court
T.C. Memo 1964-74; 1964 Tax Ct. Memo LEXIS 260; 23 T.C.M. (CCH) 473; T.C.M. (RIA) 64074; March 19, 1964
Vincent B. Lewin, for the petitioners. Robert A. Trevisani, for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: The respondent determined a deficiency in petitioners' income tax for 1955 in the amount of $3,087.16. In their joint return for that year (which petitioners filed with the district director of internal revenue, Brooklyn, New York), they took a $10,000 casualty loss explained as "Fire Loss on building 7 Aztec Place Far Rockaway not covered by insurance." Respondent's disallowance of this casualty loss deduction gives rise to the portion of the deficiency placed in issue by the petition. Findings of Fact Some of the facts have been stipulated and they are found accordingly. On October 1, 1919, Peter Tessler, hereinafter called petitioner, acquired the premises at 7 Aztec Place, Far Rockaway, Long Island, New York. He paid between $7,500 and $7,800 for the property. The premises contained a building 40 feet by 90 feet which, at the time of petitioner's purchase, was used as a stable. Sometime in the 1920's petitioner converted the building into a garage and gas station and in the middle *262 1930s he made further improvements in the building consisting of one apartment upstairs and one apartment downstairs in the building. Petitioner did not at any time dwell in the building but he did receive rental income from the property during some of the years. The building was unoccupied in 1954 and subject to vandalism and in a dilapidated condition. In April of 1954 the building was inspected by a New York City building inspector who found the building, according to his report: "Building open and abandoned. Chimney leaning - not plumb." Pursuant to his recommendations, petitioner caused all openings to the building to be boarded up and a portion of the chimney removed. During the year 1955 the building on said premises was destroyed by fire. Petitioner had no fire insurance on this building but during the year in question petitioner held five other rental properties, all of which were insured. Opinion Section 165(a) of the Internal Revenue Code of 1954[1] permits a deduction for "any loss sustained during the taxable year and not compensated for by insurance or otherwise" and section 165(b) provides, as follows: (b) Amount of Deduction. - For purposes *263 of subsection (a), the basis for determining the amount of the deduction for any loss shall be the adjusted basis provided in section 1011 for determining the loss from the sale or other disposition of property. Section 1011, referred to in the above quoted statute, provides in so far as is here material, that "[the] adjusted basis for determining the * * * loss from the sale or other disposition of property, * * * shall be the basis (determined under section 1012 * * *) * * * adjusted as provided in section 1016." In section 1012 it is provided "[the] basis of property shall be the cost of such property," with exceptions not here material. And section 1016 referred to in section 1011 above is entitled "ADJUSTMENTS TO BASIS" and in subsection (a)(2) it provides for adjustment in respect of property "for exhaustion, wear and tear, obsolescence, amortization, and depletion, to the extent of the amount - (A) allowed [but not less than the amount allowable] as deductions in computing taxable income" under the present or prior income tax laws. The property involved here *264 was depreciable business property. While it was not rented at the time of the fire, it was property which had been held for rent as distinguished from property held for occupancy by petitioner. Since the property was business property and it was completely destroyed, the amount of recovery would be petitioner's adjusted basis. Sec. 1.165-7(b), Income Tax Regs. Petitioner seems to agree that his first burden under the statute with respect to the amount of loss was to show his correct adjusted basis. This would involve evidence of time of his acquisition, purchase price, cost and nature of capital improvements he made, depreciation taken or allowable, and reasonable useful life of the building and possibly other details. Petitioner attempted to discharge his burden by giving his unclear recollection of events. Petitioner was 78 years old at the time of trial and it was obvious he had no clear memory of details or amounts which would be necessary to compute his correct basis. His testimony was vague, uncertain, and often it consisted of approximations or estimates. He was asked by his counsel "approximately when" he bought the premises. He stated he bought the *265 premises "about 1918" and that he took title in 1919 and that he paid "[about] seventy-five to seventy-eight hundred dollars" for the property, which at that time contained the building later destroyed by fire, and a smaller building. There is no evidence at all to indicate the portion or even an estimated portion of the initial cost attributable to land and the portion attributable to the building destroyed by fire. Petitioner testified the building was at all times held for rent. He testified the building was a stable when he bought it and that he converted it into a gas station and garage "[in] the early 1920's." When asked how much he spent on this improvement he answered: "I would say about fifteen thousand dollars." He then said "in the middle 1930's" he made further improvements in the form of apartments in the building, which he rented for a time. When asked what he spent on these improvements he answered: "It must have been at least ten or twelve thousand dollars or more." When asked how long a period he would consider would be the life of the improvements, he said: "It could have been for at least forty more years, maybe more." There was no documentary evidence at all *266 with respect to the improvements. Petitioner did not describe the nature of these improvements other than to say they resulted in conversion to garage and apartments. There is nothing to indicate these improvements would extend the life of the building. In answer to a series of leading questions from his counsel, petitioner affirmed that his records relating to the improvements were missing after a series of burglaries in his home. We feel such evidence is entirely inadequate to substantiate the $10,000 casualty loss deduction and inadequate for the purpose of computing any correct basis. It is understandable that petitioner's memory with respect to the details might be unclear. But it would seem that some of these details must have been preserved somewhere in documentary form. At any rate, no correct basis could be determined from such uncertain, doubtful testimony. Petitioner seems to sense that at least some of his evidence is too vague to furnish proof of basis. He seems to recognize that the evidence might indicate his original cost of about $7,500 or $7,800 would be fully depreciated before the fire - using a useful life period of 40 years. However, using the same 40-year *267 period, he asks that we find improvements made in 1920 of $15,000 with a useful life of 40 years which would leave 5 years remaining at the time of the fire, or $1,875 unrecovered costs and improvements made in 1930 of $10,000 with a useful life of 40 years which would leave 15 years remaining at the time of the fire, or $3,750 unrecovered costs. Petitioner argues this would mean the property would have a minimum adjusted cost basis at the time of the fire based on these improvements of $5,625. He would add $1,000 paid for public improvement assessments in 1955 about which there was some testimony by petitioner that he paid "close to a thousand dollars" for what appears to be arrears in taxes, sewer rent, water and other assessments. Of course, the latter item, even if well established, would have nothing to do with the basis of the property. And the vague uncertain evidence with respect to the improvements made in the 1920s and 1930s is entirely inadequate to show there was any unrecovered costs at the time of the fire. The record rather indicates the useful life of the building was exhausted before the fire. At any rate, it is enough to say petitioner failed to sustain his burden *268 of showing the correct adjusted basis for determining the loss, if any, under section 165. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.↩